```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


CYNTHIA OSTER,                    )
                                  )
               Plaintiff,         )
                                  )
vs.                               )    Case No. 08-1263-WEB
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of                   )
Social Security,                  )
                                  )
               Defendant.         )
_____ )
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On February 25, 2008, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 19-26).  Plaintiff alleges that she has been disabled since December 1, 2004 (R. at 19).  At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since August 31, 2005, the

application date (R. at 21). At step two, the ALJ found that plaintiff had the following severe impairments: history of rotator cuff tear, status post surgery; A/C joint dislocation; degenerative disc disease (DDD), lumbar spine (R. at 21). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 21). After determining plaintiff's RFC (R. at 22), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 25). At step five, the ALJ determined that plaintiff could perform other jobs which exist in significant numbers in the national economy (R. at 25-26). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 26).

### III. Did the ALJ err in his RFC findings?

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891

n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings concerning the plaintiff: plaintiff can lift/carry/push/pull 20 pounds

occasionally and 10 pounds frequently.  Plaintiff can stand/walk for 6 hours in an 8 hour workday and sit for less than 6 hours in an 8 hour workday.  Plaintiff is limited in her ability to reach in all directions (including overhead); plaintiff can reach overhead occasionally (R. at 22).  In making his RFC findings, the ALJ gave controlling weight to the opinions of Dr. Hufford, a treating physician who treated plaintiff after shoulder surgery (R. at 22).  The ALJ's RFC findings match the limitations in the form filled out by Dr. Hufford on September 7, 2007 (R. at 22; Exhibit 18F, found at R. 359-366).

Plaintiff argues that it is not clear that it was Dr. Hufford who filled out Exhibit 18F, a physical RFC form.  Exhibit 18F is the exhibit attributed to Dr. Hufford by the ALJ, and to which the ALJ accorded controlling weight (R. at 22).  Plaintiff contends that the ALJ erred by relying on this exhibit when it is unclear who filled it out (Doc. 7 at 9).

At the hearing, plaintiff gave the following testimony:

> Q [by ALJ]: This form that was filled out that's been marked as 18F in the file looks like it was filled out by Dr. Hufford.  Did you discuss with Dr. Hufford this [form] and when it was filled out back in September.
>
> A [by plaintiff]: I don't remember.  I mean, I'd have to see it.  I know he filled out a form for me.  This one.  Yes sir. I remember.
>
> Q: Did he discuss these limitations with you that he put on the form?
>
> A: Yes, he did.

>       Q: Any of those that he put on the form did
>       you tell him you couldn't do?
>
>       A: They're all correct.

(R. at 406).  Although it is unclear from the signature who signed Exhibit 18F (R. at 366), plaintiff clearly testified that it was Dr. Hufford who filed out Exhibit 18F.  Therefore, plaintiff's argument is without merit.

Plaintiff also argues that the opinions of Dr. Hufford do not reflect all of plaintiff's impairments, and cite to medical and other evidence, which in plaintiff's opinion, indicate that plaintiff has more severe limitations than those set forth by Dr. Hufford (Doc. 7 at 10-11).  Plaintiff seeks to have the court reweigh the evidence.  However, the court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  <u>Oldham v. Astrue</u>, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

Furthermore, although plaintiff cites to medical evidence indicating various impairments, plaintiff does not cite to any record medical evidence which conflicts with the limitations set

8

forth by Dr. Hufford, plaintiff's treating physician, which were adopted by the ALJ.  Plaintiff also fails to cite to any record medical evidence that plaintiff has limitations that were not included in plaintiff's RFC.  A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Given plaintiff's failure to cite to any contradictory medical evidence, the court finds that the ALJ's RFC findings are supported by substantial evidence.  See Howard v. Barnhart, 379 F.3d 945, 947-948 (10th Cir. 2004).

    Plaintiff also contends that the ALJ failed to consider plaintiff's nonsevere impairment of generalized anxiety disorder (Doc. 7 at 12).  In making his RFC findings, the ALJ stated he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence (R. at 22).  Therefore, the court is satisfied that the ALJ, in making his RFC findings, considered all impairments, whether severe or nonsevere.  Furthermore, plaintiff failed to cite to any evidence that plaintiff had any limitations because of generalized anxiety

9

disorder which should have been reflected in plaintiff's RFC. Therefore, the court finds plaintiff's argument to be without merit.

Finally, plaintiff argues that the ALJ's RFC findings are vague, particularly in regards to her being limited in her ability to reach in all directions (Doc. 7 at 12). The ALJ's RFC findings match the limitations set forth by Dr. Hufford, which indicates that plaintiff is limited in reaching in all directions (including overhead); plaintiff can reach overhead occasionally (R. at 22, 362). Plaintiff cites to no authority or evidence that this limitation is so vague that a vocational expert is unable to determine if plaintiff can perform other work in the national economy. At the hearing, the vocational expert (VE) was able to offer an opinion on plaintiff's ability to perform other work in the national economy based on the limitations set out in Exhibit 18F (R. at 407-411). In the absence of any authority or evidence that the hypothetical was too vague to permit the VE to offer an opinion on plaintiff's ability to perform other work in the national economy, plaintiff's argument is found to be without merit.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be affirmed.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. §

636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on June 29, 2009.

                                               s/Gerald B. Cohn
                                               GERALD B. COHN
                                               United States Magistrate Judge